IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 4:06CR3085 |
| ) | |
| vs. ) | |
| ) | **PRELIMINARY ORDER** |
| JEFF BERAN, ) | **OF FORFEITURE** |
| ) | |
| Defendant. ) | |

NOW ON THIS 6th day of June, 2007, this matter comes on before the Court upon the United States' Motion to Withdraw Motion for Final Order of Forfeiture, Motion for Preliminary Order of Forfeiture and Memorandum Brief. The Court reviews the record in this case and, being duly advised in the premises, finds the United States' Motion should be sustained.

IT IS THEREFORE ORDERED as follows:

1. The United States' Motion to Withdraw Motion for Final Order of Forfeiture, Motion for Preliminary Order of Forfeiture and Memorandum Brief is hereby sustained.

2. The Plaintiff's Motion for Final Order of Forfeiture and Memorandum Brief (Filing No.41) is hereby withdrawn.

3. Based upon the Defendant's plea of guilty and his agreement to forfeit the sum of $782.00 in United States currency seized from him on December 17, 2005, by officers of the Grand Island Police Department, the United States Marshal for the District of Nebraska ("Marshal") is hereby authorized to seize $782.00 in United States currency.

4. The Defendant's interest in said property is hereby forfeited to the United States of America for disposition in accordance with the law, subject to the provisions of 21 U.S.C., § 853(n)(1).

5. The aforementioned forfeited property is to be held by the Marshal in his secure custody and control.

6. Pursuant to 21 U.S.C., § 853(n)(1), the Marshal forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, in the county where the subject property is situated, notice of this Order, notice of the Marshal's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited property must file a Petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

7. Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject property and any additional facts supporting the Petitioner's claim and the relief sought.

8. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property subject to this Order as a substitute for published notice as to those persons so notified.

9. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C., § 853(n), in which all interests will be addressed.

ORDERED this 6th day of June, 2007.

BY THE COURT:

s/ RICHARD G. KOPF
United States District Judge